IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV16-03-MU

ZANE JOHNSON,                          )
                                       )
              Plaintiff,               )
                                       )
        v.                             )
                                       )          **O R D E R**
STEVE BAILEY, et al.,                  )
                                       )
              Defendants.              )
_____)


**THIS MATTER** is before this Court on initial review of Plaintiff's civil rights

Complaint filed pursuant to 42 U.S.C. § 1983 (Doc. No. 1) filed on February 16, 2010.

Plaintiff contends that the Defendants violated his Fourth Amendment rights by unlawfully

searching his cell, outside of his presence, and temporarily seizing his legal documents.

Specifically, Plaintiff contends that on September 28, 2009, Sargent Hames[1] illegally searched

---

[1] Sargent Hames is the only Defendant personally involved in the search and seizure of
which Plaintiff.  Plaintiff also named as Defendants Robert Lewis, the Director of Prisons, Steve
Bailey, the Western Division Director of Prisons, Keith Whitener, the Administrator at ACI,
Carlos Hernandez, the Assistant Administrator at ACI, Matt Clark, Unit Supervisor, Mr.
Townsend, the Assistant Unit Manager, and Lt. Blackburn, the Officer in Charge.  These
remaining Defendants appear to be named in a supervisory capacity.  The Court notes that
supervisory liability under § 1983 may not be predicated on the theory of respondeat superior.
See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).  Section 1983 requires a showing of
personal fault on the part of a defendant either based on the defendant's personal conduct or
another's conduct in execution of a defendant's policies or customs.  See Fishes v. Wahs. Metro.
Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982) Plaintiff does not allege any
personal conduct by any Defendant other than Sergeant Hames.  Moreover, an inmate's letter
complaint to an administrator and a form response do not serve to render the administrator liable.
As such, the remaining defendants listed above are dismissed from this case on that basis.

1

his cell and retrieved 54 pages of legal documents. Plaintiff contends that the Defendants kept

the documents for about 24 hours and that such documents included a "Court Order on current

court case."[2]

Plaintiff's entire Complaint rests on the legal theory that Defendants violated his rights

pursuant to the Fourth Amendment by unlawfully searching his cell, outside of his presence.

However, this legal theory will not support his claim. Indeed, prisoners have no legitimate

expectation of privacy and the Fourth Amendment's prohibition of unreasonable searches does

not apply in prison cells. Therefore, as the Fourth Amendment is the only theory upon which

Plaintiff bases his case, his Complaint must be dismissed for failure to state a claim for relief.

However, this Court is also aware of its obligation to liberally construe a pro se Plaintiff's

allegations under Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Therefore, out of an

abundance of caution and even though Plaintiff did not raise any other theory of liability, to the

extent that the facts of Plaintiff's Complaint could be construed to support as an access to the

courts claim, the Court will consider such claim.

It is well settled that prisoners have a constitutional right of access to the court. Ex Parte

Hull, 312 U.S. 546, 548-49 (1941). The Fourth Circuit has held that the destruction or

unreasonable seizure or tampering with important legal materials is an unconstitutional

interference with a prisoner's right of access to the courts. Carter v. Hutto, 781 F.2d 1028, 1032

(4th Cir. 1986); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975). However, in the

instant case, the legal documents taken were returned approximately 24 hours later. Further,

---

[2] The Court notes that Plaintiff is, at least in part, referring to case number 5:09cv109 which was assigned to the undersigned and was dismissed on October 23, 2009 for failure to state a claim for relief.

Plaintiff has not shown, or even alleged, actual injury or that his efforts to pursue his claim were hindered. <u>Lopez v. Robinson</u>, 914 F.2d 486, 494 (4th Cir. 1990); <u>Strickler v. Waters</u>, 989 F.2d 1375, 1382-85 (4th Cir.) <u>cert. denied</u>, 510 U.S. 949 (1993). Indeed, Plaintiff stated in his Complaint that at least some of the legal documents were related to case number 5:09cv109 which was assigned to the undersigned. Plaintiff wrote to the undersigned, in connection with case number 5:09cv109, and explained about the alleged illegal search of his cell. (Case No. 5:09cv109, Doc. No. 3.) Such letter and his motion filed October 5, 2009 also referencing the search of his cell, were considered by the undersigned when dismissing Plaintiff's case by Order dated October 23, 2009 (<u>Id</u>., Doc. No. 7.) The Court had all the documentation it needed to dismiss Plaintiff's Complaint in case number 5:09cv109 and Plaintiff did not argue then or now that he was unable to submit certain evidence in that case due to the search of his cell and the temporary seizure of some of his legal documents prior to the Court's ruling. Likewise, to the extent that Plaintiff hints that a few pages of his legal papers were not returned, he does not link those specific pages to any injury related to any pending lawsuit. Therefore, this case will be dismissed for failure to state a claim for relief .[3]

---

[3] The Court notes that on page 6 of his Complaint, Plaintiff uses the phrase "retaliated against." While Plaintiff has not otherwise pleaded a claim of retaliation, the Court is aware that he does mention the phrase in passing. However, to the extent this mere mention of the phrase is sufficient to state a valid claim, such claim is vague and conclusory. Moreover, such claims are generally treated with skepticism. <u>Cochran v. Morris</u>, 73 F.3d 1310, 1317 (4th Cir. 1996).

**SO ORDERED**.

Signed: February 24, 2010

Graham C. Mullen
United States District Judge